UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>                       Plaintiff,  )<br>)<br>    v.                               )<br>)<br>JORDAN ASSOCIATES,               )<br>A Maine Limited Partnership,      )<br>   David R. Cope, General Partner     )<br>   Jeff Martin, Power of Attorney of Mitchell  )<br>   Cope, Deceased Former General Partner  )<br>)<br>                      Defendant.  )<br>) | CIVIL NO. |

**COMPLAINT FOR FORECLOSURE**

NOW COMES the United States of America, by and through its attorneys Halsey B. Frank, United States Attorney for the District of Maine, and James D. Concannon, Assistant United States Attorney, and for its cause of action alleges:

    1.      That this Court has jurisdiction under the provisions of 28 U.S.C. § 1345.

    2.      That on information and belief the Defendant, Jordan Associates ("Defendant"), is a Limited Partnership organized and existing under the laws of the State of Maine, with a mailing address of 5753 South Prince Street, Apartment 703, Littleton, Colorado, 80160.

    3.      That on information and belief Defendant has general partners including but not limited to as follows: (i) David R. Cope, mailing address 5753 South Prince Street, Apartment 703, Littleton, Colorado, 80160; and (ii) Jeff Martin, as Power of Attorney for the Estate of Mitchell Cope, the deceased former General Partner of Defendant, 66 Pya Road, Portland, Maine, 04103.

4. That on or about March 23, 1984, Defendant entered into a loan agreement with the United States of America, Department of Agriculture, Rural Development, Rural Housing Service (formerly known as Rural Economic and Community Development, and prior thereto and as the Farmers Home Administration) (hereinafter called "the United States") in connection with a $1,056,000.00 loan to be made to Defendant to build a senior citizen rental housing project. Said loan agreement is evidenced by a certain Loan Agreement, a copy of which is attached hereto, marked **Exhibit A**, and incorporated herein by reference.

5. The Loan Agreement provided for the United States to issue a promissory note to Defendant in the amount of $1,056,000.00 and for the Defendant to execute real estate security and other security instruments upon the housing project and other real property of Defendant. The Loan Agreement required Defendant to comply with applicable United States regulations as well as "all its agreements and obligations in or under the note, security instrument, and any related agreement executed by [Defendant] in connection with the loan." Defendant's failure to comply with the terms of the Loan Agreement constitutes a default such that the United States, "at its option may declare the entire amount of the loan obligations immediately due payable and, if such amount is not paid forthwith, may take possession of an[d] operate the housing and proceed to foreclose its security and enforce all other available remedies."

6. That on or about February 13, 1985, Defendant obtained a loan from the United States in the amount of $1,056,000.00. Said loan is evidenced by a certain Promissory Note of even date and amount, to be repaid according to the terms set out therein, a copy of which is attached hereto, marked **Exhibit B**, and incorporated herein by reference.

7. The Promissory Note indicates that the United States' loan to Defendant was made pursuant to Title V of the Housing Act of 1949 as a Section 515 Rural Rental Housing

loan. Failure to make payments when due or to perform any other agreement contained under the Promissory Note constitutes default under the Promissory Note and any other instrument evidencing a debt of the Defendant owed to or insured by the United States, on any instrument securing or otherwise relating to such a debt; such a default under any other such instrument constitutes a default under the Promissory Note. Upon default the United States may declare the full indebtedness immediately due and payable.

8. To secure the payment of the aforementioned Promissory Note, said Defendant executed and delivered to the United States a certain Security Agreement dated January 20, 2000, whereby it granted to the United States a security interest in and an assignment of its interest in the following collateral, including the proceeds thereof:

> A. All accounts, general intangibles, and gross receipts now or hereafter in existence, including the proceeds thereof, derived from or pertaining to any and all activities of the Debtor in operating a rural rental housing project situate[d] on the premises hereinafter described.
>
> B. All ranges, refrigerators, washing machines, dryers, heating, air conditioning and other equipment pertaining to said rural rental housing project now owned or hereafter acquired, including all replacements of or substitutions therefor . . . .

All of the above fixtures described above are affixed or were to be affixed to the following real estate:

| Record Owner | Approximate No. of Acres | County & State | Location |
|---|---|---|---|
| Jordan Associates | 6.74 | Cumberland, Maine | Traveling south on Route 201 from Topsham, cross Androscoggin River to Brunswick, Turn left onto Route 1, then first right onto Federal Street. Left onto Jordan Avenue, right onto Rossner Road.[1] |

---

1 This description reflects road names and locations at the time of the Security Agreement. Currently the real

3

9. A copy of said Security Agreement, is attached hereto, marked **Exhibit C**, and is incorporated herein by reference.

10. To perfect the security interest in the above-mentioned Security Agreement, a Financing Statement executed by said Defendant was recorded at the Maine Secretary of State's Office on February 13, 1985, in Augusta, Maine. A copy of said Financing Statement is attached hereto marked **Exhibit D** and is incorporated herein by reference.

11. That to further secure the repayment of said indebtedness, and other purposes, Defendant on February 13, 1985, duly executed, acknowledged, and delivered to the United States a certain Partnership Real Estate Mortgage for Maine, which incorporated by reference the Loan Agreement and Promissory Note. The Mortgage granted, bargained and sold to the United States a certain lot or parcel of land situated in Brunswick in Cumberland County, Maine, bounded and described as stated in the copy of said Mortgage attached hereto, marked **Exhibit E**, which is incorporated herein by reference.

12. That said Mortgage was duly recorded in the Cumberland County Registry of Deeds in Book 6685, Page 307.

13. The Mortgage by its terms is governed by federal law and subject to the present and future regulations of the United States. Upon default, the United States may declare the entire amount unpaid immediately due and payable, or foreclose and sell the property. Notices given regarding the Mortgage must be sent by certified mail.

14. Using the proceeds of the loan, Defendant purchased and operated a 24-unit

---

estate is found at the following location: traveling south on Route 201 from Topsham, cross Androscoggin River to Maine Street Brunswick, take first left onto Mason Street, first right on Federal Street, third left on Jordan Avenue and first right on Wadsworth Road.

multifamily housing complex located at 17 Wadsworth Street in Brunswick, Maine, known as Jordan Courts I.

15. The United States provided David Cope, General Partner of Defendant, and Jeff Martin, as Power of Attorney for the Estate of Mitchell Cope, the deceased former General Partner of Defendant, with notices detailing the United States' concerns regarding Defendant's servicing of the subject property and collateral on August 25, 2016, October 6, 2016, and November 16, 2016. These notices are attached hereto, marked **Exhibits F, G, and H**, and are incorporated herein by reference.

16. The United States made demand upon David Cope, General Partner of Defendant, and Jeff Martin, as Power of Attorney for the Estate of Mitchell Cope, the deceased former General Partner of Defendant, for the entire indebtedness due and payable under the Promissory Note by notices dated October 6, 2017. The Notices were sent by certified mail and entitled, "NOTICE OF ACCELERATION OF YOUR DEBT TO THE RURAL HOUSING SERVICE (FORMERLY FmHA), DEMAND FOR PAYMENT OF THAT DEBT, AND NOTICE OF YOUR OPPORTUNITY TO HAVE A HEARING CONCERNING THIS ACTION." The Notices stated, among other things, that the acceleration of Defendant's indebtedness was for failure "to maintain the property in good repair as required in your Loan Agreement, Security Agreement, Mortgage, and 7 CFR 3560.103" and "pay property taxes when due as required in your Promissory Note, Mortgage, and Loan Agreement, and 7 CFR 3560.105." Defendant's General Partners and/or their agents certified receipt of the Notices. Copies of the Notices are attached hereto as **Exhibits I & J**, and are incorporated herein by reference.

17. That the United States of America, acting through the United States Department of Agriculture, is the present owner and holder of the said Promissory Note, Security Agreement

5

and Mortgage.

19. 18.    That because of the breach of the provisions of the said Promissory Note, Security Agreement, and Mortgage, the United States hereby declares the entire amount of the indebtedness evidenced by the said Promissory Note and secured by the Mortgage and Security Agreement to be immediately due and payable.

19.    That there is now justly due the United States of America on the said Promissory Note secured by the Mortgage and Security Agreement the following sums:

(a) Principal due: $1,031,675.07

(b) Interest through October 6, 2017: $62,538.09

(c) Total administrative / other charges due: $2,738.00

**Total amount of claim: $1,096,952.16**

20.    That said Defendant has failed to comply with the provisions and conditions of the said Loan Agreement, Promissory Note, Mortgage, and Security Agreement for the following reasons:

a. Failure to maintain payment on loan account as required by the Promissory Note and Real Estate Mortgage;

b. Failure to maintain the property in good repair as required in the Loan Agreement, Security Agreement, and Real Estate Mortgage, and 7 C.F.R. § 3560.103; and

c. Failure to pay property taxes when due as required in the Promissory Note, Real Estate Mortgage, and Loan Agreement, and 7 C.F.R. § 3560.105;

d. Failure to properly fund the reserve account as required by the loan documents and 7 C.F.R. § 3560.306.

21. That the United States of America, acting through the United States Department of Agriculture, is the present owner and holder of the said Promissory Note, Security Agreement, Loan Agreement and Mortgage.

22. That on information and belief, the United States may be compelled to make advancements for payment of taxes, hazard insurance, water and sewer charges, or other municipal assessments, maintenance and other costs in order that it may protect and preserve its security, but the nature and amount thereof is unknown to the United States at this time. Nevertheless, the United States seeks recovery thereof and therefor, together with interest thereon.

23. That no other action has been brought at law or in equity to enforce the provisions of the aforesaid Promissory Note, Security Agreement, Loan Agreement and Mortgage and that all conditions precedent to the bringing of the action have been performed or have occurred. The Plaintiff has complied with all statutory and administrative requirements, including but not limited to 7 C.F.R. § 3560.

WHEREFORE, the Plaintiff demands judgment as follows:

   a. Determine that there has been a default under the Promissory Note and a breach of condition of the Mortgage, Security Agreement, and Loan Agreement;

   b. That the amount due to the United States on its Promissory Note, Security Agreement, Loan Agreement and Mortgage may be adjudged;

   c. Determine the order of priority of such other parties as it may appear, together with the amount due such other parties, if any;

   d. That the Defendant, subsequent to the filing of a copy of the Complaint

    instituting this action in the Cumberland County Registry of Deeds, in which county said mortgaged premises are situated, and every person whose conveyance or encumbrance is subsequent or subsequently recorded, be forever barred and foreclosed of all rights, claims, liens, and any equity of redemption in the mortgaged premises;

e. That said premises along with all fixtures and other items set forth in the Security Agreement may be decreed to be sold pursuant to 28 U.S.C. § 2001 et seq. and other applicable law;

f. That the United States may seek the appointment of a receiver for the property subject to the Mortgage and Security Agreement to exercise the usual powers of receivers in similar cases, including to receive all rents, issues, and profits of the mortgaged premises in accordance with the terms of the Mortgage and Security Agreement, if the United States so desires and so moves during the pendency of this action;

g. That the monies arising from this sale may be brought to Court;

h. That the United States may be paid the amount adjudged to be due to it, with interest thereon to the time of such payment, together with the costs and expenses of this action and the expense of said sale so far as the amount of such money properly applicable thereto will pay the same;

i. That the United States may have such other and further relief as shall be just and equitable.

Dated at Portland, Maine, this 15th day of February, 2019.

                          HALSEY B. FRANK
                          United States Attorney


                          <u>/s/ James D. Concannon</u>
                          James D. Concannon
                          Assistant U.S. Attorney
                          100 Middle Street
                          East Tower, 6th Floor
                          Portland, ME 04101
                          (207) 780-3257
                          James.Concannon@usdoj.gov